# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MR. DEE'S, INC., OLEAN WHOLESALE
GROCERY COOPERATIVE, INC., and
RETAIL MARKETING SERVICES, INC.,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

                Case No. 08-C-457

    -vs-

INTERNATIONAL OUTSOURCING
SERVICES, LLC, SUPERVALU, INC.,
INMAR, INC., CAROLINA MANUFACTURER'S
SERVICES, INC., CAROLINA COUPON
CLEARING, INC., and CAROLINA SERVICES,

                Defendant.

## DECISION AND ORDER

      This case, like another case on the Court's docket (*Beiersdorf Inc. et al. v. Int'l Outsourcing Servs., LLC, et al*, No. 07-C-888), relates to an alleged coupon fraud scheme. International Outsourcing Services, LLC ("IOS") and a group of its former officers and employees (the "Individual Defendants") are defendants in that action (Case No. 07-C-888), which is currently stayed pending the outcome of yet another legal action, a criminal case (*United States v. Int'l Outsourcing Servs. LLC*, No. 07-CR-57) being prosecuted before another judge in this judicial district. Pursuant to a superseding indictment, IOS is no longer a party to the ongoing criminal proceedings, but the Individual Defendants are still facing criminal charges.

IOS moves to stay the instant case pending the outcome of the parallel criminal proceedings. This motion is opposed by all of the other parties to this action, including the plaintiffs (Mr. Dee's, Inc., Olean Wholesale Grocery Cooperative, Inc., and Retail Marketing Services, Inc., on behalf of themselves and all others similarly situated) and the "Inmar Defendants" (Inmar, Inc., Carolina Manufacturer's Services, Inc., Carolina Coupon Clearing, Inc. and Carolina Services).[1] For the reasons that follow, IOS's motion is granted.[2]

It is well-established that district courts possess inherent authority to "stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem[] to require such action....'" *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980). IOS argues that the interests of justice favor a stay because the facts of this case are "inextricably intertwined" with those of the criminal case. Accordingly, the Individual Defendants, who are likely to invoke their Fifth Amendment rights against self-incrimination, are important if not necessary witnesses for IOS in this case. Therefore, IOS maintains that it will be prejudiced in its defense of this matter so long as the criminal matter is ongoing.

A simple review of the amended complaint reveals that testimony and discovery from the Individual Defendants are likely to be instrumental to IOS's defense. Therefore, the Court agrees that this action, just like Case No. 07-C-888, should be stayed pending the

---

[1] The remaining defendant, Supervalu, Inc., was brought into this case pursuant to a recent amended complaint, and they have yet to appear in this action.

[2] Despite IOS's pending motion for a stay, the plaintiffs are attempting to proceed with discovery. Therefore, IOS moved for a protective order, and the Inmar Defendants moved for a protective order pending the Court's resolution of IOS's motion for a stay. The Court's decision today renders these other motions moot.

resolution of the parallel criminal case, Case No. 07-CR-57. *See, e.g., Bruner v. Balogh*, 819 F. Supp. 811, 814 (E.D. Wis. 1993) (granting stay pending criminal proceedings because "the subject matter is sufficiently intertwined for the Court to conclude that there exists more than a 'possibility' that [an individual's] testimony could 'aid in' the state prosecution against him").

Plaintiffs and the Inmar Defendants argue that a stay is not warranted because IOS is no longer under indictment, and the Individual Defendants are not parties to this action. *See, e.g., United States v. White*, 322 U.S. 694, 699 (1944) ("the privilege against self-incrimination is a purely personal one, [and thus] it cannot be used by or on behalf of any organization such as a corporation"). These arguments miss the mark in terms of the impact of the Fifth Amendment privilege in this case. IOS needs information from the Individual Defendants to mount an effective defense, yet the Individual Defendants without question will assert their privilege while the criminal case is ongoing. On the other hand, once the criminal case concludes, it is at least more likely that the Individual Defendants will cooperate and provide relevant testimony. The risk of prejudice to IOS arising from an inability to access key information and witnesses is therefore substantial.

Alternatively, plaintiffs and the Inmar Defendants suggest that the Court impose a more limited stay which applies only to discovery against the Individual Defendants. The Court finds little value in this approach. It brings to mind a variety of complicated scenarios involving the readiness of the parties to eventually proceed to trial or engage in dispositive motion practice. It also demands a piecemeal approach to discovery. A more simple and

efficient approach is to enter the stay now, before discovery commences. It is simpler because it allows the case to proceed on a unified discovery schedule. It is more efficient because of the possibility that relevant issues may be resolved during the course of the ongoing criminal proceedings.

Finally, the Court acknowledges that plaintiffs possess an interest in the efficient and expeditious resolution of their claims. The delay caused by a stay obviously works against that interest. However, plaintiffs are not suffering irreparable harm, and the substantial risk of prejudice to IOS trumps any concerns arising from a delay in these civil proceedings. In any event, the parallel criminal case was initiated over 19 months ago. The Court could not venture a guess as to when the criminal case will come to a conclusion, but the Speedy Trial Act puts some measure of urgency into those proceedings. *See* 18 U.S.C. § 3161; *United States v. Noone*, 913 F.2d 20, 28 (1st Cir. 1990) (Speedy Trial Act is designed to serve the public interest and the interest of the accused by requiring promptness in criminal proceedings).[3]

---

[3] The Inmar Defendants argue that they are prejudiced by the delayed resolution of the fraud claims against them in this action. This speculative harm is outweighed by the likelihood that IOS will be prejudiced in the absence of a stay.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. IOS's motion for a stay [D. 12] is **GRANTED**;

2. IOS's motion for a protective order [D. 49] is **DENIED** as moot;

3. The Inmar Defendants' motion for a protective order [D. 54] is **DENIED** as moot; and

4. This case is **STAYED** pending the conclusion of the parallel criminal case, Case No. 07-CR-57.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2008.

SO ORDERED,

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**Chief Judge**